UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ZACHERY CLAYTON WALKER, | ) |
| | ) |
|     Plaintiff | ) |
| | ) Case No. 3:12-1141 |
| v. | ) Judge Sharp/Brown |
| | ) |
| SHERIFF SONNY WEATHERFORD, *et al.*, | ) |
| | ) |
|     Defendants | ) |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is **adopted**.

    **1.**    **Jurisdiction and Venue**

Jurisdiction is based on the existence of a federal question. There is no dispute as to subject matter jurisdiction or venue.

    **2.**    **Plaintiff's Theory of the Case.**

    **As to Defendants Sonny Weatherford and Sonya Troutt.** I have made allegations that defendants Weatherford and Troutt have violated my Constitutional rights while I was incarcerated at the Sumner County Jail. Further, I have exhausted my administrative remedies. Finally, I would like to sue the Defendants Weatherford and Troutt in their official capacities as for the policy that the Defendants Weatherford and Troutt adopted. The Defendants Weatherford and Troutt have failed to comply with the Constitution and other laws, such as Predator Prey law.

The Defendants Weatherford and Troutt have their correctional officers work with Defendants Southern Health Partners staff. The two different staffs work very poorly together. They also do not provide the dental needs that I need. Because of this I have to deal with severe tooth pain.

**As to Defendant Southern Health Partners.** I have made allegations that the Defendant Southern Health Partners have violated my Constitutional rights, while incarcerated in the Sumner county Jail. Further, I have exhausted my administrative remedies. The Defendant Southern Health Partners have adopted policies that violate the Constitution, and other laws such as HIPAA.

The Defendants southern Health Partners work together with Defendants Weatherford and Troutt correctional officers. The two staffs work very poorly together and act very unprofessional. The Defendant Southern Health Partners has ignored my dental needs.

3. **Defendants' Theory of the Case.**

A. **Defendants Sonya Troutt and Sonny Weatherford's Theory of the Case**

Defendants Troutt and Weatherford deny that they have violated Plaintiff's Eighth Amendment claims. Plaintiff's Complaint makes no direct allegations against these Defendants, other than mentioning them in the opening paragraph. Further, Plaintiff has failed to exhaust his administrative remedies. Finally, while Plaintiff has not indicated if he has sued Defendants Troutt and Weatherford in their official or individual capacity, Plaintiff has not listed any policy or custom adopted by these Defendants which violated Plaintiff's rights.

Defendants Troutt and Weatherford did not show deliberate indifference to Plaintiff's medical needs. While incarcerated, Plaintiff received medical care commensurate with his medical needs. Jail deputies promptly referred Plaintiff's requests for medical attention to the medical staff and relied on the medical staff to make appropriate medical decisions regarding Plaintiff. Defendants Troutt and Weatherford were aware of no serious medical need of Plaintiff that went unaddressed.

Defendants Troutt and Weatherford deny that Plaintiff suffered injury as a result of any act or omission by him, and denies that Plaintiff is entitled to recover damages. Plaintiff's Complaint does not state a claim against these Defendants.

**B. Defendant Southern Health Partners' Theory of the Case.**

Defendant Southern Health Partners denies that it violated Plaintiff's constitutional rights while Plaintiff was incarcerated in the Sumner County Jail. Further, Plaintiff has failed to exhaust his administrative remedies. Plaintiff has failed to state a claim against this defendant. Plaintiff has not listed any policy or custom adopted by Southern Health Partners which violated Plaintiff's rights. Southern Health Partners cannot be held responsible on the basis of respondeat superior and Southern Health Partners had no unconstitutional policy, custom or practice which caused Plaintiff injury. While incarcerated, Plaintiff received medical care commensurate with his medical needs. Southern Health Partners denies unconstitutional policy, custom or practice that violated HIPAA, denies unconstitutional policy, custom or practice relating to alleged inadequate infection control measures, denies acting unprofessional, denies misdiagnosing spider bites, denies failing to timely respond to medical emergencies and denies providing in adequate medical care. Southern Health Partners provided the

3

Plaintiff with medication and medical care in accordance with Plaintiff's medical needs and decisions regarding Plaintiff's medication and medical care did not violate Plaintiff's constitutional rights through it policies, customs or practices. Southern Health Partners is unaware of any serious medical need of Plaintiff that went unaddressed. Southern Health Partners denies that Plaintiff suffered injury as a result of an act or omission by it, and denies that plaintiff is entitled to recover damages.

To the extent plaintiff's allegations against Southern Health Partners relates to decisions by the correctional staff, Southern Health Partners denies that it is responsible for correctional decisions so long as they do not in the interfere with the provision of medical care. Southern Health Partners denies that the correctional staff interfered with the care and treatment of Plaintiff.

**4.    Identification of the issues.**

Remaining issues include whether Defendants violated Plaintiff's Eighth or Fourteenth Amendment rights, and the amount of damages, if any, to which Plaintiff is entitled.

**5.    Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure.**

None.

**6.    Initial Disclosures and Staging of Discovery:**

**A.    Rule 26 Disclosures**

The parties waive Rule 26(a) initial disclosures.

B. **Pretrial Discovery Matters**

All written and oral discovery shall be completed by the close of business on **June 28, 2013**. All written discovery shall be submitted in sufficient time so that the response shall be in hand by **June 28 2013**. Prior to filing any discovery-related motion the parties will schedule and conduct a telephone conference with the Magistrate Judge. The counsel or party requesting the conference shall check with the opposing party or counsel as to their availability before setting a time certain with the Court. All discovery-related motions shall be filed by the close of business on **June 28, 2013**.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to 60 such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of Court, shall govern.

By the close of business on **April 30, 2013**, the plaintiff shall declare to the defendants (<u>not</u> file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B). By the close of business on **May 30, 2013**, the defendants shall declare to the plaintiff (<u>not</u> file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B). Any supplements to expert reports shall be filed by the close of business on **June 10, 2013**. There shall not be any rebuttal expert witnesses.

C. **Motions to Amend**

Motions to amend pleadings shall be filed on or before **March 29, 2013**. Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit

5

any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

7. **Dispositive motions:**

Dispositive motions will be filed on or before **July 31, 2013**. Responses to dispositive motions shall be filed within **28 days** after service. Briefs shall not exceed **25 pages** without leave of Court. Optional replies, limited to **five pages**, shall be filed within **14 days** after service of the response. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

Plaintiff is forewarned that dispositive motions must be responded to by **the dates stated**, unless an extension is granted by the Court, and that failure to respond timely may result in the Court taking the facts alleged in the matter as true and granting the relief requested. In responding, Plaintiff may not just rely on his complaint. Plaintiff must show there is a material dispute of fact with citation to the record, affidavits or other matter of evidence. Plaintiff should read and comply with Federal Rule of Civil Procedure 56 and Local Rule 56.01.

8. **Alternative dispute resolution:**

The parties do not anticipate alternate dispute resolution in this case.

The Plaintiff advised he would likely be transferred to a Florida jail in the next two months. He expected to be released from Florida later this year. The Plaintiff is cautioned that he must always keep a current address on file with the Court, and that failure to attend hearings or participate promptly in the process of this case can result in a recommendation that this case be dismissed for failure to prosecute.

9. **Target trial date:**

The Magistrate Judge estimates a trial length of two days. Since no jury has been requested, the Magistrate Judge may schedule a final evidentiary hearing on all issues that remain and prepare a report and recommendation for the District Judge.

It is so **ORDERED**.

/s/   Joe B. Brown
**JOE B. BROWN
United States Magistrate Judge**