UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ZACHERY CLAYTON WALKER, | ) |
| | ) |
| Plaintiff | ) |
| | ) No. 3:12-1141 |
| v. | ) Judge Sharp/Brown |
| | ) |
| SHERIFF SONNY WEATHERFORD, | ) |
| SONYA TROUTT, SOUTHERN | ) |
| HEALTHCARE PARTNERS, | ) |
| | ) |
| Defendants | ) |

**THE HONORABLE KEVIN H. SHARP**

### REPORT AND RECOMMENDATION

Presently pending is a motion for summary judgment by the Defendants Troutt and Weatherford (Docket Entry 53), and a motion for summary judgment by Southern Healthcare Partners (Docket Entry 56. For the reasons stated below the Magistrate Judge recommends that the motions be GRANTED and this case be dismissed with prejudice. The Magistrate Judge further recommends that any appeal from a dismissal not be certified as taken in good faith.

### BACKGROUND

The Plaintiff instituted this matter on July 11, 2012, when he filed a motion for the lawsuit (Docket Entry 1). This was treated as a complaint. He alleged violations of the Tennessee Constitution and of the Eighth Amendment of the United States Constitution. He alleged that there was a lack of safety procedures in the jail because the jail houses felons with misdemeanor inmates and the jail is overcrowded with three inmates to a cell that are supposed to house only two inmates. He alleged that he was

currently sleeping on the floor of the cell that had a water leak in the ceiling, which constituted a fire hazard. He alleged that he was housed with an inmate that had a pending murder charge. The Plaintiff did not allege any actual assault or harm to himself.

The second portion of his complaint dealt with sanitation, alleging that there was black mold growing in the cells and in the shower and around air vents. He alleged that it had caused a number of inmates to be sick. He alleges that there are food stains on the pod walls and that the trays they get their food on are dirty from the meal before. He does not allege that he has personally suffered any ill affects from any of these sanitation issues.

His third complaint was that the medical staff violates HIPAA because there are inmates who should be quarantined, but are not. He alleges there has been a very bad outbreak of staph infections and that the medical staff has misdiagnosed many inmates with spider bites instead of staph. He alleges that inmates on suicide watch are not properly monitored. He alleges that he was on the waiting list to see a dentist for nine months and was never able to see a dentist.

After a number of procedural difficulties, a signed complaint was lodged with the clerk and the Plaintiff was allowed to proceed in *forma pauperis* (Docket Entry 22). Judge Sharp allowed the case to proceed past the initial screening provisions on

2

allegations of Eighth Amendment violations of reasonably adequate food, clothing, shelter, sanitation, recreation, and medical care.

After service of process was completed, the Magistrate Judge conducted a Rule 16 hearing in the matter and entered an initial case management order on February 14, 2013 (Docket Entry 44). That order provided that written and oral discovery would be completed by June 28, 2013, and that motions to amend would be filed on or before March 29, 2013. Dispositive motions were due on or before July 31, 2013. The Plaintiff was specifically forewarned in that order that dispositive motions must be responded to by the date stated, unless he was granted an extension, and that failure to respond timely could result in the Court taking the facts alleged in the motion as true and granting the relief requested. The Plaintiff was reminded that he could not just rely on his complaint and that he must show that there was a material dispute of fact with citations to the record, affidavit, or other matters of evidence, and that he should read and comply with Federal Rule of Civil Procedure 56 and Local Rule 56.01.

The Plaintiff did file a motion to amend on March 22, 2013. Unfortunately, he did not sign the motion and he did not send a copy to opposing counsel (Docket Entry 48). I denied the motion to amend and, because it was not signed or transmitted to opposing counsel, allowed Plaintiff 14 days within which to refile. The Plaintiff did not refile his motion to amend. In the same order denying the motion to amend, the Plaintiff was again cautioned that

3

the Defendants had raised an issue that he had failed to exhaust his administrative remedies and that he would need to address this matter. He was also cautioned that violations concerning medical care under § 1983 required a deliberate indifference to serious medical conditions, and that mere disagreement over medical treatment, or even negligent medical treatment, did not rise to a constitutional violation. It was also pointed out to him that claims for lost property are normally handled as claims under the state's claims commission procedures, and not in federal court.

Other than a change of address notice filed by the Plaintiff (Docket Entry 49) no further communications have been received from the Plaintiff and he has failed to respond to the two motions for summary judgment, which were both filed on July 30, 2013.

**LEGAL DISCUSSION**

"Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *Adams v. Rockafellow,* 66 Fed.Appx. 584 (6th Cir. 2003) (citing Fed. R. Civ. P. 56(c); *LaPointe v. UAW, Local 600,* 8 F.3d 376, 378 (6th Cir.1993).) "If either party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case." *Id. (*citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265

4

(1986).) "Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment." *Id.* (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986); *LaPointe,* 8 F.3d at 378.) "The mere existence of a scintilla of evidence to support Plaintiff's position would be insufficient; there must be evidence upon which the jury can reasonably find for the Plaintiff." *Id.* (citing *Anderson,* 477 U.S. at 252, 106 S. Ct. 2505.)

Although the Local Rules provide, and the Magistrate Judge has cautioned the Plaintiff, that failure to respond to motions can result in their being taken as unopposed the Magistrate Judge must still review the motions to insure that they have merit.

The Magistrate has reviewed both motions. The first, by Sheriff Weatherford and Administrator Troutt, includes an affidavit (Docket Entry 53) that they have reviewed the Plaintiff's grievance file and the only grievance he filed about the matters in his complaint was one concerning a claim that water had leaked into his cell. The affidavit notes that although the Plaintiff complains he did not know how to file a grievance, he filed a number of grievances while at the jail, and they attached copies of the various grievances he filed. They argue the one grievance that he filed concerning water leaking into his cell does not rise to a constitutional violation. They further attached a statement of

5

undisputed facts (Docket Entry 55). The Plaintiff has failed to respond to these statements, and therefore, the Magistrate Judge will take them as admitted.

The first statement of fact is that, with the exception of a June 30, 2012, grievance about water leaking into his cell, the Plaintiff did not file any grievance with respect to allegations filed in his complaint.

The second statement is that during his stay at the Sumner County Jail, Plaintiff was aware of how to file a grievance at the jail.

The third statement is that water did not leak into Plaintiff's cell during his entire incarceration at the Sumner County Jail.

The Magistrate Judge has reviewed the memorandum in support of their motion for summary judgment (Docket Entry 54) and finds that it is a correct explanation of the law concerning the exhaustion of administrative remedies. The Plaintiff has failed to address his administrative remedies concerning conditions at the jail. The Magistrate Judge also notes that in his complaint the Plaintiff complains about matters that do not affect him. As a *pro se* Plaintiff he is not entitled to raise issues concerning other inmates.

One grievance the Plaintiff did file concerning this lawsuit was that his ceiling had been leaking water for two weeks and could someone get this fixed. The response was that it must be

6

coming from the air conditioning since it had not rained in three weeks and that it would be checked out. There is no indication that the Plaintiff filed any further grievance or appeal about this matter. There was no grievance that the leak remained after he was told it would be checked. A water leak for a two or three week period would not constitute a constitutional violation. The Magistrate Judge agrees with the argument of the Defendants and the law they cite on this issue, and does not believe it is necessary to add to it.

The Prison Litigation Reform Act (PLRA) requires exhaustion of all available administrative remedies before an inmate may file a lawsuit under 42 U.S.C. 1983. *Booth v. Churner*, 532 U.S. 731, 733-34 (2001).

Turning to the motion for summary judgment of Southern Healthcare Partners (SHP) (Docket Entry 56), they have attached as Docket Entry 56-1 a concise statement of undisputed facts. Again, the Plaintiff has failed to respond to those statements, and they are therefore deemed admitted.

In Docket Entry 56-1 the most pertinent of those statements are that:

> 8. During all times relevant to the lawsuit it has been SHP's policy that all inmates have the opportunity daily to request health care. If an inmate requires routine medical care he or she obtains an inmate sick call slip from the

7

corrections officer on duty in the housing unit, and that slip is provided to the medical staff for action. Routine sick calls are conducted by the medical staff inside the housing unit.

9.  To the best of Nurse Souders' knowledge, during all times relevant to this lawsuit, SHP has had no practices or policies that violate HIPAA, or that allow HIPAA to be violated.

11. An insect or spider bite may become an infected wound. During all times relevant to this lawsuit, it has been SHP policy that if a bite becomes an infected wound, SHP medical personnel will treat it in accordance with the procedures set out in the SHP Policy Manual and as explained in #10, above.

15. Nurse Souders has reviewed the inmate medical records of Plaintiff Zachery Clayton Walker ("Walker" or "Plaintiff"). Her review of those records shows that this inmate received medical attention in response to every Sick Call Slip he submitted, for every medical complaint that he made.

16. During the time Plaintiff Walker was incarcerated at the Sumner County Jail, he received medical treatment from SHP medical staff for every medical condition for which he requested treatment,

8

including: anxiety, a busted lip, upper respiratory infections, nosebleeds, toothaches, knee pain, puncture wounds to hand, sore throat, earache, ankle sprain, and weight loss.

17. During his incarceration at the Sumner County Jail, Plaintiff Walker requested to be seen by a dentist, and was put on the list to be seen by the jail dentist.

18. Plaintiff Walker refused to be seen by the jail dentist because he did not want to have any teeth extracted.

19. Prior to incarceration at the Jail, Plaintiff had been fitted with a partial upper dental plate, and he informed Jail staff that the plate would not fit correctly if any teeth were extracted.

20. Walker informed jail staff that he preferred to wait for dental treatment until he was transferred to the prison, where he could have a complete set of dentures made.

21. Although Plaintiff's teeth were in an obvious state of decay, medical staff never observed any signs of infection. At his request, medical staff provided him with ibuprofen for management of dental pain.

9

22. Plaintiff did not file any medical grievances concerning the medical care he received from SHP medical personnel at the Sumner County Jail.

23. Nurses at the Sumner County Jail are not authorized to prescribe medications; therefore, all of Plaintiff's requests for medication were forwarded to Dr. Mathews, whose prescribing and dosage instructions were followed by medical personnel at the Jail.

24. The medical personnel at the Jail have provided Plaintiff with all of the medications which Dr. Mathews has prescribed.

32. During the periods of his incarceration in the Sumner County Jail, Plaintiff Zachery Walker never submitted any grievances to the jail staff relating to medical care.

In their memorandum in support of their motion (Docket Entry 56) SHP correctly points out that the Plaintiff fails to show a deliberate indifference to any serious medical problems that he had. A review of the medical records supports that conclusion. The Plaintiff has failed to rebut the statements that he declined dental treatment because he wanted to wait until he was transferred to prison and could obtain a full dental plate. Absent some effort by the Plaintiff to refute this statement it is fatal to that

10

portion of his claim. You cannot decline treatment and then claim a constitutional violation for not getting it.

The Defendant SHP also points out that SHP cannot be liable under 1983, based on *respondeat superior,* or the vicarious liability, unless the Plaintiff can establish a policy or custom by SHP that caused the constitutional violation. The Plaintiff has failed to establish any such policy or custom by SHP.

Finally, they point out that the Plaintiff's claims are barred by the PLRA because he failed to exhaust his administrative remedies. This is an affirmative defense, which both Defendants have clearly raised. They have provided copies of the grievances filed by the Plaintiff and he has not disputed that it is an accurate list of all of his grievances.

Again, the Magistrate Judge believes that the memorandum of law filed by SHP is accurate as to the facts and the law. The Plaintiff failed to exhaust his administrative remedies and his claims are barred. Additionally, he has failed to show deliberate indifference.

**RECOMMENDATION**

For the reasons stated above the Magistrate Judge recommends that both motions for summary judgment (Docket Entries 53 and 56) be GRANTED and this case be dismissed with prejudice. The Magistrate Judge further recommends that any appeal from a dismissal of this case not be certified as taken in good faith.

11

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 17th day of October, 2013.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

12